UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00044

**Bobby Lee Thompson,**
*Plaintiff,*

v.

**Gregg County Jail,**
*Defendant.*

Before BARKER, *District Judge*

**ORDER**

On February 7, 2019, plaintiff Bobby Thompson filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Doc. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Doc. 3. On July 17, 2019, the Magistrate Judge issued a report and recommendation recommending that this case be dismissed without prejudice for failure to prosecute and failure to obey a court order. Doc. 16. A copy of this report and recommendation was sent to plaintiff's last known address. On August 21, 2019, that copy was returned to the clerk's office as undeliverable. Doc. 17. As a result, no objections have been filed to the report and recommendation.

Generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change." *Garcia v. Texas Dep't of Criminal Justice*, No. 6:16-CV-01160-RC, 2019 WL 1254505, at *1 (E.D. Tex. Mar. 18, 2019) (quoting *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004)). This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is

responsible for keeping the clerk advised in writing of his or her current physical address."

A district court may dismiss an action if the plaintiff fails to prosecute the case or fails to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Here, plaintiff has not communicated with the court since May 2, 2019, when he updated his address upon discharge. Doc. 10. He failed to notify the court of his subsequent change-of-address or current whereabouts, as he was required to do. When the clerk of the court mailed Judge Love's orders to file an amended complaint by July 15 and pay the statutory filing fee in $10 monthly installments to the plaintiff's last listed address, the mailings were returned as undeliverable. Doc. 15. The court was then informed that plaintiff no longer lives at that address. Doc. 16.

Accordingly, the report and recommendation is **adopted**. Fed. R. Civ. P. 72(b)(3). The complaint is **dismissed** without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b). All motions not previously ruled on are **denied** as moot. The clerk of court is **directed** to close this case.

*So ordered by the court on August 27, 2019.*

J. CAMPBELL BARKER
United States District Judge